The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR20-120RSM |
| Plaintiff | ORDER DENYING DEFENDANT'S MOTION REQUESTING COPIES OF STATEMENT OF REASONS FOR SENTENCED DEFENDANTS |
| v. | |
| SONIA L. MEZQUITA VEGA, | |
| Defendant. | |

THIS MATTER comes before the Court on Defendant Mezquita Vega's Motion Requesting Copies of the Statement of Reasons for Sentenced Defendants (Dkt. # 299). Having reviewed Defendant's motion, government's response (Dkt. #301), and Defendant's Reply (Dkt. #302), along with the relevant record, the Court DENIES the motion.

## I.  BACKGROUND

Defendant is one of seventeen defendants charged with dozens of money laundering offenses related to a large-scale multi-state and multi-national money laundering scheme.  To date, seven defendants have plead guilty and have been sentenced.  On March 9, 2023, Defendant plead to the charges without a written plea

1  agreement.  She was sentenced on July 7, 2023, to 44 months in custody, 3 years

2  supervised release, and a total of $1,300 special assessment.  Defendant filed a notice of

3  appeal of the conviction and sentence on July 14, 2023.

## II.   DISCUSSION

5  A statement of reasons is part of the sentencing procedure.  During the sentencing

6  hearing, the Court must provide a statement of reasons, in open court, the reasons for its

7  imposition of a particular sentence.  18 U.S.C. § 3553(c).  These findings and reasons are

8  entered on to a form commonly referred to as the SOR, which is prominently labeled as

9  "Not for Public Disclosure" on every page of the form.  The SORs commonly contain

10  sensitive and non-public information, including personally identifying information and,

11  in some instances, information as to which defendants cooperated with the government.

12  A copy of the SOR is sent via email by the Probation Office to the specific

13  defendant and to the government – however, the SOR is not available to other

14  codefendants or to the public.  The Court is directed by the Judicial Commission to

15  provide the Sentencing Commission a report following the entry of a judgment which, in

16  part, shall include the written statement of reasons, i.e., the SOR.  See 28 U.S.C. §

17  994(w)(1)(B).

18  It is well-settled that federal courts have inherent authority to control papers filed

19  with the court. *United States v. Shryock*, 342 F.3d 948, 983 (9th Cir. 2003).  Courts

20  recognize that SORs are among the documents that should be maintained under seal and

21  provided only to the relevant parties.  Pursuant to Local Crim. R. Proc. 55(b)(12), the

22  final SOR, if filed, is automatically filed under seal "with access provided only to court

23  staff."

24  In her original motion, the Defendant cited no authority authorizing the production

25  of copies of the SORs.  Instead, she simply asserted, without explanation, that the SORs

26  are "necessary for review in filing the appeal."  Dkt. # 299. at 2.

27

1   In Defendant's reply brief to the government's response, the Defendant cited an

2   unpublished district court case from the 2nd Circuit, *United States v. Blasczak*.[1]  In

3   *Blasczak*, the party seeking the sealed materials did *not* prevail, with the Court finding

4   that the petitioner in that matter had "not made a 'compelling demonstration' that

5   disclosure of these documents is required to meet the ends of justice.'"  Dkt. 302 at 1,

6   citing *Blasczak at 6.*

7   Defendant argues that this decision – which again, went the other way – supports

8   her request, reasoning that if the party seeking the sealed materials in *Blasczak* had

9   offered a "compelling demonstration" they would have prevailed on their request.

10   Defendant then proffers their "compelling demonstration" on why they should prevail

11   here:

> "Ms. Mezquita Vega has provided a compelling reason for her request to unseal; it
> is her appeal. Her request for the SOR's of the sentenced codefendants is not an
> arbitrary request for personal benefit or exposure. She has filed a legitimate appeal
> and is preparing an appellate brief to challenge the fairness of her sentencing,
> specifically the months that she received."

16   Dkt, 302 at 2.

17   Assuming that *Blasczak* stands for the proposition that an SOR can be released if a

18   "compelling demonstration" is made to justify doing so, Defendant has failed to meet that

19   burden.  Defendant continues to assert that she needs the SORs to prepare her appeal.

20   However, she provides no explanation on what details she seeks from the SORs, nor any

21   explanation why the information sought cannot be found elsewhere.  Her bare assertion

22   does not justify releasing an otherwise confidential document that often contains sensitive

23   non-public information.

24   ///

25   ///

26

27

---

[1] *United States v. Blasczak*, Case #18-CR-6107-FPG-MJP (W.D. N.Y. Apr 07, 2021)

Order Denying Motion for SOR - 3
*United States v. Vega*/ CR 20-120RSM

1

### III.        CONCLUSION

2          IT IS HEREBY ORDERED that the Defendant's Motion for Statement of

3    Reasons, Dkt. 299, is DENIED.

4          DATED this 30<u>th</u> day of October, 2023.

5

6

7                                   RICARDO S. MARTINEZ
                                    UNITED STATES DISTRICT JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Order Denying Motion for SOR - 4
*United States v. Vega*/ CR 20-120RSM